CV 14 6926

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

ROSS, J.

GO, M.J.

(AMY VALENTINE)
Plaintiff )
) Case No _____
vs )
)
MAJOR CHEVROLET ) Judge _____
INC )
)
DEFENDANT )
) Trial by Jury Demanded

FILED
CLERK
2014 NOV 24 PM 4:09
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Amy Valentine, a natural person, who resides in Queens County, New York 11369.

4. The Defendant in this lawsuit is MAJOR CHEVROLET an unknown entity with offices at 43-40 Northern Blvd Long Island City, New York 11101.

## VENUE

5. The occurrences which give rise to this action occurred in Queens County, NY and Plaintiff resides in Queens County, NY.

6. Venue is proper in the EASTERN DISTRICT OF NEW YORK.

## GENERAL ALLEGATIONS

7. Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff determined that her consumer credit report had been pulled on various occasions by various entities she did not recognize and without her consent.

9. Plaintiff found after examination of her EXPERIAN consumer credit report that Defendant MAJOR CHEVROLET, INC had pulled Plaintiff's EXPERIAN consumer credit report in Feb 18, 2014; Nov 07, 2013 and Nov 07, 2013.

10. Discovery of violation brought forth herein occurred in June 2014 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NON-COMPLIANCE BY DEFENDANT
## MAJOR CHEVROLET, INC

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. EXPERIAN is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §

1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant MAJOR CHEVROLET, INC on Feb 18, 2014; Nov 07, 2013 and Nov 07, 2013.

18. At no time did Plaintiff give her consent for Defendant MAJOR CHEVROLET, INC, to acquire her consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. The definition of "account" clearly does not include an account such as a credit card open end credit account but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

———————————

Amy Valentine

32-28 102nd Street

East Elmhurst, NY 11369

(718) 838-0609